NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JUAN SUAREZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-481-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JEFF GRONDOLSKY, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\* \*\* \*\* \*\* \*\*

Juan Suarez ("Suarez") is currently incarcerated at the Federal Correctional Institution-Manchester in Manchester, Kentucky. He has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [Record No. 2] Having paid the filing fee, this matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).

As Suarez is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.  **BACKGROUND**

On July 17, 2003, Suarez was charged with three counts of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§846, 841a)(1). On February 2, 2004, after a hearing before the district court, Suarez pled guilty to one count pursuant to a written plea agreement with the United States. After hearings on August 16 and 19, 2004, on August 23, 2004, Suarez was sentenced to a 210-month term of incarceration to be followed by five years of supervised release.

Suarez's plea agreement contained an express waiver of his right to challenge his conviction and sentence by direct appeal or collateral attack. Nonetheless, Suarez filed a notice of appeal on August 30, 2004, attempting to challenge his sentence before the Tenth Circuit Court of Appeals. On December 28, 2004, the United States filed a motion to enforce that waiver in the plea agreement. That motion was granted on May 10, 2005, and Suarez's appeal was dismissed.

On September 13, 2005, Suarez filed a motion to vacate his conviction and sentence under 28 U.S.C. §2255 in the trial court. In his motion, Suarez asserted that his conviction was invalid because his conduct had no nexus to interstate commerce, that he received ineffective assistance of counsel, and that consideration of prior criminal conduct to enhance his sentence violated the Sixth Amendment. On September 26, 2005, the United States again filed a motion to enforce the waiver provision of the plea agreement. On December 23, 2005, the district court granted that motion, finding that Suarez entered into the plea agreement knowingly and voluntarily, and denied Suarez's Section 2255 motion. On January 9, 2006, Suarez filed a notice of appeal seeking a certificate of appealability, but the Tenth Circuit dismissed that appeal on

July 11, 2006, affirming the district court's enforcement of the waiver provision. *United States v. Suarez*, No. 03-CR-20085, District of Kansas [Record Nos. 1, 60, 61, 156, 157, 159, 212, 221, 223, 229, 231, 251 therein]; *United States v. Suarez*, 04-3340, Court of Appeals for the Tenth Circuit [Entry Nos. 1768286, 1806692 therein].

Suarez filed the instant petition on October 30, 2006, asserting essentially the same grounds for relief reviewed and rejected by the Tenth Circuit. In the present case, he attempts to challenge his conviction and sentence on the grounds that the indictment was defective, that he did not sign his plea agreement "knowingly" or "voluntarily," that he was improperly convicted of the conspiracy charge without being convicted of the underlying offense, and that his trial and appellate counsel rendered constitutionally ineffective assistance.

**II.      DISCUSSION**

Suarez's assertions are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. §2241. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). The relief provided by this statutory section is not generally available to challenge the conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. While Suarez does not

expressly assert that his Section 2255 remedy is inadequate or ineffective to accomplish this, the Court liberally construes his petition, *Urbina*, 270 F.3d at 295, to invoke Section 2255's savings clause.

However, before Suarez's claims may be considered on the merits under Section 2241, the Court must determine whether his remedy under Section 2255 is truly "inadequate or ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999), it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit a habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."). In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62.

Here, Suarez's claims are not claims of "actual innocence" because, even if true, the trial court would not have convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757. These claims are merely claims of technical or procedural error that could and should have been raised on direct appeal, and are thus not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

### III. CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Petitioner Juan Suarez's petition for a writ of habeas corpus is **DENIED.**

(2) The Petitioner's Motion for Order [Record No. 3] is **DENIED.**

(3) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 14th day of December, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge